UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JILLIAN WILE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-03221-E |
| | § | |
| ABBOTT a/k/a ABBOTT | § | |
| LABORATORIES a/k/a ABBOTT | § | |
| DIAGNOSTICS a/k/a ABBOTT DEVICES | § | |
| a/k/a ABOTT NUTRITIONAL a/k/a | § | |
| ABBOTT MEDICINES, and ST. JUDE | § | |
| MEDICAL, INC., | § | |
| | § | |
| Defendants. | | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' Motion for Summary Judgment (Doc. No. 19) and Defendants' Objections to Plaintiff's Evidence in Support of Her Response to Defendant's Summary Judgment Motion, and Motion to Strike (Doc. No. 23). Having considered the motions, the parties' briefing, and applicable law, the Court determines the summary judgment motion should be GRANTED and the motion to strike should be DENIED.

### BACKGROUND

*Pro se* plaintiff Jillian Wile filed this product liability action against defendants Abbott Laboratories and St. Jude Medical, LLC[1] in state district court. According to her original petition, she underwent a cervical and/or thoracic radiofrequency (RF) ablation or rhizotomy

---

[1] According to defendants, Wile has misnamed Abbott Laboratories as Abbott, Abbott Diagnostics, Abbott Devices, Abbott Nutritional, and Abbott Medicines and misnamed St. Jude Medical, LLC as St. Jude Medical, Inc.

1

procedure, during which a RF generator and disposable grounding pad manufactured and sold by defendants was used and Wile sustained a burn where the grounding pad was affixed to her body. Wile asserts claims for strict liability, alleging a defect and/or abnormality in "the product" rendered it unreasonably dangerous, negligence in manufacturing, distributing, and supplying a defective product, and, under her strictly liability count, an implied warranty claim.

Defendants removed the case to federal district court, and the Court entered an April 2019 scheduling order that required Wile to "file a written designation of the name and address of each expert witness who will testify at trial and shall otherwise comply with Rule 26(a)(2), Fed. R. Civ. P. ("Rule 26(a)(2)"), on or before July 8, 2019." (Doc. No. 6). In May 2019, defendants served initial discovery requests, including an interrogatory asking Wile to identify any testifying expert and provide the subject matter on which the expert will testify, the general substance of the expert's mental impressions and opinions, and a brief summary of the basis for the mental impressions and opinions. Wile responded that the information would be provided at a later date. Also in May 2019, the parties met and discussed discovery issues. They agreed to extend Wile's expert designation and report deadline to August 8, 2019. They filed a corresponding Joint Motion to Extend Deadlines (Doc. No. 8), which the Court granted, extending Wile's deadline to August 8, 2019 (Doc. No. 9). Wile, however, did not file or serve any expert designations or reports by the August 8, 2019 deadline. Nor did she seek leave for a further extension of the deadline. To date, she has not designated any expert witnesses in this case.

During a September 11, 2019 deposition, Wile testified that no one had told her that any malfunction or defect in the products had caused her burn:

Q:  Has anybody ever told you in any shape, form or fashion of any malfunction or defect in either the RF generator, a grounding pad, or any of the electrodes, or any component of that system as to being a cause of the burn?

A:  Not directly. They've all been inconclusive.

* * *

Q:  Do you have any knowledge from any source that you could relate to me, 'This is what happened that caused my burn.' Either there was a specific problem in the ground [sic] pad, a specific problem with that RF generator, or any other component of that system?

A:  Not at this moment I can't.

Defendants served their expert designations in September 2019.  One of their experts, Charles M. Schade, M.D., Ph.D., P.E., a medical doctor of pain management and licensed professional engineer, opined that there was no defect in the RF generator or grounding pad used during Wile's procedure, the RF generator did not cause the burn injury Wile alleges, and the RF generator, when used in conjunction with the grounding pad "when following all of the instructions for use cannot--and did not -- cause a burn only at the at the [sic] upper outer part of the grounding pad."

Defendants move for summary judgment asserting that well-established Texas law requires expert testimony to prove a defect and causation in this case because it involves a sophisticated medical device.  Because Wile has not retained or designated any experts in this case, her product liability claims necessarily fail.

LEGAL STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A genuine dispute of material fact exists "if the evidence is

such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is "no genuine issue as to any material fact [if] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The movant must inform the court of the basis of its motion and identify the portions of the record that reveal there are no genuine material fact issues. *Id*. The movant also can satisfy its summary judgment burden by "pointing out to the district court[] that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

If the movant makes the required showing, the nonmovant must direct the court's attention to evidence in the record sufficient to establish there is a genuine issue of material fact for trial. *Id.* at 324. To carry this burden, the nonmovant must show the evidence is sufficient to support a resolution of the factual issue in the nonmovant's favor. *Anderson*, 477 U.S. at 249. If the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

The court must view all the evidence in a light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55. However, unsubstantiated assertions and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

Courts hold *pro se* plaintiffs to a less stringent pleading requirement, and their pleadings are entitled to a liberal construction. *Morgan v. Fed. Exp. Corp.*, 114 F. Supp.3d 434, 436 (S.D. Tex. 2015). A *pro se* plaintiff, however, must "still comply with the rules of civil procedure and make arguments capable of withstanding summary judgment." *Ogbodiegwu v. Wackenhut*, 202 F.3d 265, 1999 WL 1131884, at *2 (5th Cir. 1999) (per curiam) (unpublished).

## ANALYSIS

To recover for a products liability claim under Texas law, a plaintiff must prove: "(1) a product has a defect, rendering it unreasonably dangerous; (2) the product reached the consumer without substantial change in its condition from the time of original sale; and (3) the defective product was the producing cause of the injury to the user." *See Estate of Alex through Coker v. T-Mobile US, Inc.*, 313 F. Supp.3d 723, 732 (N.D. Tex. 2018) (citing *Syrie v. Knoll Int'l,* 748 F.2d 304, 306 (5th Cir. 1984)). The defect "must be a substantial factor in bringing about the injury, and a cause without which the injury would not have happened." *BIC Pen Corp. v. Carter*, 346 S.W.3d 533, 541 (Tex. 2011). Proof of causation is required for product liability claims based on strict liability, negligence, and breach of warranty theories. *See Horak v. Pullman, Inc.*, 764 F.2d 1092, 1095 (5th Cir. 1985); *Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 667 (Tex. 1999). If a breach of warranty claim is "functionally identical" to strict liability and negligence-based product liability claims, a district court properly disposes of the breach of warranty claim along with the other claims when the plaintiff fails to produce evidence on causation. *Samuell v. Toyota Motor Corp.*, No. MO–13–CV–47, 2015 WL 1925902, at *7–9 (W.D. April 27, 2015).

Whether expert opinion testimony is necessary to prove a plaintiff's theory of causation is a question of law. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006). In many cases, a jury may infer causation, "[l]ike any other ultimate fact," from circumstantial evidence. *Gladewater v. Pike*, 727 S.W.2d 514, 528 (Tex. 1987). However, "[e]xpert testimony [on causation] is required when an issue involves matters beyond jurors' common understanding." *Mack Trucks*, 206 S.W.3d at 583. And, in a products liability case, proof other than expert testimony provides sufficient evidence of causation "only when a layperson's general experience and common understanding would enable the layperson to determine from the evidence, with reasonable probability, the causal relationship" between the defect and the injury. *Id*. at 583. "Indeed, [t]he general rule has long been that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors." *Emerson v. Johnson & Johnson*, No. CV H-17-2708, 2019 WL 764660, at *3 (S.D. Tex. Jan. 22, 2019) (internal quotation marks and citations omitted). A party's failure to produce expert testimony on causation, if required, is fatal to the party's product liability claims. *Smith v. Chrysler Grp., LLC*, 909 F.3d 744, 751–52 (5th Cir. 2018).

Here, Wile asserts a malfunction in a RF generator and/or grounding pad manufactured and supplied by defendants caused her injury. Whether that injury was caused by a defect in either product involves technical medical issues beyond jurors' common understanding, knowledge, and experience. Therefore, expert testimony on causation is required to show Wile is entitled to recover under either her strict liability or negligence claim. *See Lewis v. Johnson & Johnson*, 601 F. App'x 205, 211–12 (4th Cir. 2015) (per curiam) (applying Texas law and concluding expert testimony on causation was required in product liability case involving

6

surgical mesh product); *see also Emerson*, 2019 WL 764660, at *4; *Vellasquez v. EAN Holdings, LLC*, No. 3:17-cv-01656-BH, 2018 WL 5924037, at *9 (N.D. Tex. Nov. 13, 2018) ("Without expert testimony, Plaintiff has provided no evidence supporting his claim the alleged conditions of the [product] … proximately caused his injury."); *Schronk v. Laerdal Med. Corp.*, 440 S.W.3d 250, 265 (Tex. App.—Waco 2013, pet. denied) (when trial court properly excluded expert testimony, summary judgment in favor of defendant device manufacturer was proper); *Gutierrez v. Arrow Int'l, Inc.*, No. SA-10-CA-470-FB, 2011 WL 13324082, at *8 (W. D. Tex. May 2011) ("Absent expert testimony, [plaintiff] cannot raise a genuine issue of material fact that [the device] manufactured by the . . . defendants caused or could cause him harm"). Expert evidence on causation also is required for Wile to prevail on her breach of warranty claim, in which she alleges defendants owed a duty to ensure the product was safe and properly operating, because the claim arises from the same allegations as her strict liability and negligence claims. *See Emerson*, 2019 WL 764660, at *3; *Samuell v. Toyota Motor Corp.*, 2015 WL 1925902, at *7–9.

In response to defendants' summary judgment motion, Wile asserts "[d]esignated experts were provided" and her treating doctors, Dr. Muhammad Zulqarnain and Dr. Daniel Wu, are "fact/expert witnesses" who are not required to provide reports. The record, however, contains no such disclosure, which is required even if an expert witness need not provide a written report. *See* FED. R. CIV. P. 26(a)(2)(C).

Wile also asserts the August 2019 expert witness report deadline "was not attainable" because she could not hire an expert to test the equipment until after August 16, 2019, when she learned from Abbott's discovery responses that it possessed the grounding pad, and she is "severely restricted in securing experts willing to commit" because she is *pro se*. The record

7

contains nothing to show defendants were untimely in responding to discovery requests.  Nor has Wile at any time filed a motion to compel discovery or sought an extension of time to designate experts.

In an effort to raise a fact issue on causation, Wile's response states Dr. Zulqarnain told her "unequivocally that malfunction of the equipment caused the injury" and "there were issues with both the grounding pad and the RF generator."  Defendants object that Wile's representations constitute impermissible hearsay and impermissibly contradict her own sworn deposition testimony.  The Court agrees on both counts.  Wile clearly offers Dr. Zulqarnain's statements for the truth of the matter and the statements do not fall within any hearsay exception. *See* FED. RS. EVID. 801(c), 802; *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) ("Hearsay evidence … that cannot be presented in a form that would be admissible in evidence at trial do[es] not qualify as competent opposing evidence.").  Further, Wile previously testified by deposition that no one ever told her that a malfunction or defect in the RF ablation system caused her burn.  She may not now create a fact issue simply by asserting otherwise.  *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) (A party may not "create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement ... without explaining the contradiction or attempting to resolve the disparity."); *see also Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1984).

Wile also attached to her response a one-page undated, unsigned memorandum summarizing her medical procedures and condition.  The document references communications with "Abbott Company," including that it was informed that the "machine has to be tested and

8

ground pads also have to be looked at to see what was the cause of this burn." It also states that it "appeared the grounding pad . . . edges were covered with paper, it is possible they were not covered with adequate gel and that my have caused the burn." The document further states "[t]his matter has been informed to the administration of Texas Pain Physician and also there was incidence report and all details are also in the chart." Defendants object that the document lacks the authentication required under Federal Rule of Evidence 901 or Federal Rule of Civil Procedure 56(e). Even assuming the document is admissible, it nevertheless fails to raise a genuine issue of material fact. It includes only speculation, perhaps by Dr. Zalqarnain, as to a cause of the burn and posits testing was needed to determine what caused the burn.

Speculation as to a possible cause is insufficient to satisfy Wile's burden of coming forward with competent expert evidence of a causal connection between any product manufactured and distributed by defendants and her alleged injury. Because she has not timely designated an expert to provide such evidence, Wile cannot raise a genuine dispute of material fact as to causation and defendants are entitled to judgment as a matter of law on her claims against them. *See Emerson*, 2019 WL 764660, at *3. Accordingly, defendants' motion for summary judgment is **GRANTED**.

## CONCLUSION

Because Wile did not timely designate any expert witness to present evidence showing the RF generator and/or grounding pad caused her injury, she cannot raise a genuine issue of material fact on causation. Accordingly, the Court **GRANTS** defendants' motion for summary judgment (Doc. No. 19).

Defendants' motion to strike Wile's summary judgment evidence is **DENIED** (Doc. No. 23). *See, e.g., Williams v. The Thrift Store*, No. 4:14-cv-101, 2015 WL 5578322, at *2 (E.D. Tex. Sept. 22, 2015) (declining to strike *pro se* plaintiff's unauthenticated and otherwise inadmissible evidence from summary judgment proceeding because the evidence failed to create a fact issue in summary judgment proceeding).

The Court will issue judgment by separate document. *See* FED. R. CIV. P. 58.

**SO ORDERED**.

Signed May 8, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE